UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUHAMMAD KHALID EL,

    Plaintiff,                                                  Civil Action No. 21-CV-10182

vs.                                                       HON. BERNARD A. FRIEDMAN

DEBORAH L. CHERRY, et al.,

    Defendants.
_____/

## **OPINION AND ORDER OF DISMISSAL**

Plaintiff has brought this action to challenge a tax foreclosure judgment entered against property he owns in Genesee County, Michigan. The defendants are the county treasurer, Deborah L. Cherry; the county circuit judge who signed the judgment, Brian S. Pickell; the county attorney who sought the judgment, Peter Goodstein; and the county clerk, John J Gleason. The transcript of the February 10, 2020, foreclosure hearing before Judge Pickell, a copy of which is attached to the complaint, shows that plaintiff agreed that the property in question belonged to him and that the taxes on this property were delinquent. Plaintiff's only basis for objecting to the foreclosure was that "nobody has shown me anything that's showing that they've got jurisdiction over Nationals to enforce taxes." PageID.38. Judge Pickell rejected this argument and issued a judgment of foreclosure for nonpayment of taxes, a copy of which is also attached to the complaint. PageID.54-56.

In his complaint, plaintiff elaborates on his argument that defendants lacked jurisdiction to tax his property. In a document entitled "LEGAL NOTICE AND PUBLICATION WRIT, Affidavit of Sovereignty," plaintiff states that he is "a Noble of the Al Moroccan Empire, territory of my Ancient Moabite / Moorish Fore-Mothers and Fore Fathers."

PageID.8. Further, plaintiff states:

> I assert all my Sovereign Rights to choose my own economic status living in Full Life. Which makes me non-obligated to be taxed in any form and for any reason. . . . Therefore, I am respectfully requesting the discharge of all alleged debts to include the implication of property tax in regard to the estate of 1325 East DeCamp Street located in Burton, Michigan [48529].

*Id.*

For relief, plaintiff seeks "120,000 United States Federal Reserve Notes as compensation for 200 hours of lost time, harassment, and the denial of my pre-existing Right to the full enjoyment of life which has been ongoing for two years." PageID.5.

This Court has no jurisdiction to entertain plaintiff's complaint. Plaintiff does not state a federal claim, but argues that defendants, all of whom are Genesee County employees, lacked authority to enforce the state property tax laws as to real property located in Genesee County. This is a matter of state law. To challenge the foreclosure judgment, plaintiff must seek relief from the court that issued the judgment or, failing that, from the Michigan Court of Appeals.

Moreover, the Court is barred from entertaining plaintiff's complaint under the *Rooker-Feldman* doctrine because he seeks review of a state court judgment. As the Sixth Circuit has stated,

> to the extent that [plaintiff's] claims seek to challenge the state-court judgment of foreclosure that was entered against [him], the *Rooker-Feldman* doctrine applies and prevents this court from reviewing the claims. *See Pieper v. Am. Arbitration Ass'n, Inc.*, 336 F.3d 458, 460 (6th Cir. 2003) (holding that, under *Rooker-Feldman*, federal courts lack subject-matter jurisdiction to engage in appellate review of state-court proceedings); *see also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (applying *Rooker-Feldman* where "there is

> simply no way for this or any other court to grant relief without disturbing the judgments of foreclosure entered by the state court" and noting that "[e]ach of the myriad and vague claims set forth by the plaintiffs rests on the premise that the state court entry of foreclosure was invalid").

*Kuerbitz v. Meisner*, No. 17-2284, 2018 WL 5310762, at *2 (6th Cir. July 11, 2018). This Court is also deprived of jurisdiction by the Tax Injunction Act, "which bars federal jurisdiction over suits to 'enjoin, suspend or restrain the assessment, levy or collection' of state taxes.'" *Id.* at *3 (quoting 28 U.S.C. § 1341).

For these reasons, the Court concludes that it lacks subject matter jurisdiction in this case. Accordingly,

IT IS ORDERED that plaintiff's complaint is dismiss pursuant to Fed. R. Civ. P. 12(h)(3).

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

Dated: January 29, 2021
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 29, 2021.

Muhammad Khalid El
1325 East Decamp Street
Burton, MI 48529

s/Johnetta M. Curry-Williams
Case Manager